IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOHN ROCARDO WILLIAMS, #R4628**                                **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 4:08-cv-67-HTW-LRA**

**GEO GROUP, INCORPORATION,**
**WARDEN DALE CASKEY AND**
**MAJOR ROBERT GRUBBS**                                        **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate of the Mississippi Department of Corrections (M.D.O.C.), currently incarcerated in the East Mississippi Correctional Facility, Meridian, Mississippi, filed this complaint pursuant to Title 42 U.S.C. § 1983. The named Defendants are GEO Group, Incorporation; Warden Dale Caskey and Major Robert Grubbs.

Background

Plaintiff states that on December 1, 2007, Defendant Major Robert Grubbs conducted a disciplinary hearing resulting from a Rule Violation Report (R.V.R.) which the Plaintiff had received. Plaintiff asserts that he did not attend the disciplinary hearing because he was not given the required 24 hour notice. Additionally, Plaintiff complains that his due process rights were violated because Defendant Grubbs did not give a supporting reason for his guilty finding at the disciplinary hearing. Further, Plaintiff asserts that Defendant Grubbs failed to read the statements of two witnesses provided by the Plaintiff at the disciplinary hearing. Plaintiff states that as punishment he was reclassified.[1] As relief, Plaintiff requests that this Court order the

---

[1] MDOC has a custodial classification system based on 4 main designations, with "A" custody affording the most privileges to an inmate and "D" custody providing the least amount of privileges to an inmate. *Mississippi Department of Corrections Inmate Handbook* (Rev.1999),

R.V.R. be expunged from his records.  In addition, Plaintiff requests that this Court order the Defendants adhere to Mississippi Department of Corrections policy and procedure.

Analysis

The Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.  As discussed below, this case will be dismissed for Plaintiff's failure to state a claim on which relief may be granted.

To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake.  A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The classification of Plaintiff in a certain level of custody and the loss of prison privileges are not an "atypical and significant hardship" of prison life.  The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *See also Neals v. Norwood*, 59 F.3d 530, 533 (5th

---

Chapter I, pg. 4-5. According to Plaintiff's Rule Violation Report submitted as an attachment to his complaint, he also received twenty days isolation and thirty days loss of canteen privileges.

2

Cir.1995)(a prison inmate does not have a protectable liberty interest in his custodial classification); *Bulger v. United States*, 65 F.3d 48, 50 (5th Cir. 1995)(holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits). As such, the Court finds that Plaintiff has failed to state a viable Due Process claim.

Furthermore, a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The *Heck* doctrine has been held to apply to a claim brought pursuant to 42 U.S.C. § 1983 by a state prisoner for damages and declaratory relief which challenges the validity of prison disciplinary actions. *Edwards v. Balisok*, 520 U.S. 641 (1997).

Under the allegations of this complaint, it is clear that a judgment by this Court in favor of Plaintiff would "necessarily imply" the invalidity of his R.V.R. and resulting punishment. Therefore, in order for Plaintiff to maintain this action he must demonstrate that the disciplinary action has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). There are no allegations nor attachments to Plaintiff's complaint that demonstrate that the disciplinary action has been invalidated. Thus, Plaintiff's cause of action pursuant to 42 U.S.C. § 1983 has not yet accrued. *See Heck*, 512 U.S. at 489-90. Consequently, the Court cannot provide the relief he has requested.

Conclusion

For the reasons set forth in this Memorandum Opinion and Order, the Court finds that Plaintiff's complaint should be dismissed with prejudice for failure to state a claim on which relief may be granted. Title 28 U.S.C. § 1915 (e)(2)(B)(ii). A Final Judgment in accordance with this Memorandum Opinion and Order will be entered on this date.

Three-strikes provision

Since this case shall be dismissed pursuant to Title 28 U.S.C. § 1915 (e)(2)(B)(ii) it will counted as a "strike"[2]. If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

SO ORDERED, this the 9th day of July, 2008.

                                        s/ HENRY T. WINGATE
                                        CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 4:08-cv-67 HTW-LRA
Memorandum Opinion and Order

---

[2]Title 28 Section 1915(g) states:

"[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."